VELÁZQUEZ, PLAINTIFF AND APPELLANT, *v.* DE CHOUDENS ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Guayama in an Action to Recover an Inheritance, Etc.

No. 2265.—Decided May 31, 1921.

INHERITANCE—TESTATE SUCCESSION—NATURAL GRANDCHILD—REPRESENTATION.—
The testatrix in this case having died while the Act of March 9, 1905, was in force, her natural grandson, the acknowledged natural child of her legitimate son, had no right to inherit in representation of his deceased natural

father; and it not appearing from the clause of the will quoted in the opinion that it was the intention of the testatrix to make her natural grandson her heir, it must be concluded that he has no claim to any part of her estate.

AMENDMENT—DISCRETION OF COURT.—The granting of leave to amend a pleading during .the trial rests in the sound discretion of the court..

The facts are stated in the opinion.

*Mr. C. Domínguez Rubio* for the plaintiff–appellant.

*Mr. T. Bernardini* for the defendant–appellants.

MR. JUSTICE WOLF delivered the opinion of the court.

Amelia Velázquez brought this suit in the name of her minor son, Miguel de Choudens y Velázquez. The subject-matter of the controversy is the estate of Elisa Cintrón y .Sánchez, who died testate in 1905, or, what is important for .our purposes, after the reform made that year by the Legislature in the laws of inheritance.

.The will was made on the 15th of July, 1904. The minor child in whose interest this suit is brought is related to the testatrix in this wise: He is the acknowledged natural son of a legitimate son of the said testatrix. Miguel de Choudens y Velázquez, the said minor child, had a brother and a sister, each of whom was also a natural child and acknowledged by their father, who predeceased the testatrix. There were two clauses in the will of the said testatrix, as follows:

"She devises five acres (*cuerdas*) of the piece or parcel of land owned by the testatrix in the ward of Cuatro Calles for the purpose of discharging any claim or interest that the acknowledged natural child Isabel (Bebé) of her son Miguel de Choudens y Cintrón may have in or to the estate of the testatrix, and in case of surplus such surplus to be enjoyed by the said child, who is the daughter of Rosita Torres.

"Likewise, and in connection with the also acknowledged child Miguel of her son Miguel and in order to satisfy whatever interest he may have, the testatrix devises the plot belonging to her which is now in the possession of Luisa Mingó and Julián Mata. The said plot shall be destined to discharge the rights and interests of the said child Miguel, son of Amelia Velázquez, as well as the rights or interests of the other child Rafael, whose mother is also the said

Rosita Torres. Should the property be insufficient for such purpose the heirs of the testatrix shall cover the deficiency in the manner hereinafter set forth."

This suit is brought by the mother, the nominal complainant herein, not only to recover the specific land mentioned for her son, but also an alleged hereditary portion which she maintains is existing and in excess of the amount of land specifically left to him by his natural grandmother. The two other natural children were made defendants in the suit, as was also José Francisco de Choudens y Cintrón. The last named was a son of the testatrix and he and one of his sisters were the residuary heirs named in the said will. The said sister died and made her brother her sole heir, so that the only other person to-day who has any hereditary rights in opposition to those of the natural children is the said defendant José Francisco de Choudens y Cintrón.

The District Court of Guayama did not agree with the complainant that her son had any hereditary rights, but did find that the land left to him by the will had not been turned over to him or to his mother and ordered that it be delivered. Both parties appealed.

The complainant maintains on appeal that her son has hereditary rights in excess of the land devised to him. She bases this contention on two grounds: First, that the law in force at the time of the death of the testatrix made her said son an heir; second, that the will itself discloses an intention on the part of the testatrix that the said natural child should be one of her heirs.

The rights of the minor child in this case depend upon the proposition that, the father having predeceased him, he stands in representation of the said father. This court has decided that in a matter of intestate succession the laws of 1905 gave an acknowledged natural child the right to succeed his father by representation (*Ex parte Smith*, 14 P. R. R. 643) and this is still the law. *Ortiz v. Rivera*, 26 P. R. R.

294. It is also the law that the rights to succeed are governed by the law in force at the death of the ancestor. *Ex parte Smith, supra; Correa* v. *Correa*, 18 P. R. R. 115. In *Correa* v. *Correa, supra; Rijos* v. *Peña*, 19 P. R. R. 139, and *Rijos* v. *Folgueras*, 19 P. R. R. 141, the court has held that in a matter of testate succession a natural grandchild had no such right of representation; that is to say, where the natural child was the son of a legitimated child. The complainant maintains that these latter decisions refer to an epoch wherein neither in the intestate nor testate succession did a minor child have any rights of representation, and she insists that it would be absurd to hold that a natural minor child should have hereditary rights of representation of his father when there is no will, which said rights should disappear by the mere making of a will. Yet we apprehend that this is the law. A testator has a clear right to leave his property to whomsoever he pleases, barring the rights of forced heirs. As a natural child, son of a legitimate child, is not such a forced heir, his natural grandmother had a complete right to ignore whatever right of representation the said natural child might have had. The natural child has a right to succeed to his father in the absence of a testamentary disposition to the contrary. A man might make a will after 1905 and completely ignore his grandchildren, natural children of a legitimate son. We think the District Court of Guayama was correct in holding that in the absence of an intention on the part of the testatrix to make these natural children her heirs, they had no right by law to claim such heirship.

Did the testatrix intend to make these natural grandchildren her heirs? Did she intend that these natural grandchildren should have whatever rights they would have had in case she made no will at all? These questions are rendered complicated by the somewhat ambiguous wording of the said will. It is evident that the testatrix or the scrivener

of the will had an idea that natural grandchildren of the character of the ones before us had some rights which a testatrix could not gainsay. The date of the will is perhaps the explanation. We hold, however, that an intention to make these children her heirs or to give them more than she specifically devised to them does not appear in the said will. It is one thing to have an idea or a belief that persons have certain rights and another to intend that such a belief shall become a verity. Elisa Cintrón y Sánchez intended her natural grandchildren to have certain real estate, whether their legal rights were equal or not to the specific devises. If their supposed legal rights were less than the said devises, such a fact could not militate against them. On the other hand, there is no intention displayed to give them anything more, unless in fact they had, the will existing, more legal rights than the land devised. We think this follows from the clauses cited, but also for a somewhat different reason.

Elisa Cintrón had two legitimate children at the time of the making of her will as well as at the time of her subsequent death. She plainly and unmistakably intended that they should be her heirs. Her disposing mind was to give these legitimate children all she had, barring specific devises to her natural grandchildren and barring whatever legal rights they had. We feel bound to hold in the interests of the legitimate heirs that an intention to give these children more than the specific land devised should have appeared positively in the will. If the will had been silent on the subject of the natural grandchildren they would have had no rights at all. An expression of a belief to the contrary cannot alter the situation.

Defendant José Francisco de Choudens also appealed on the ground that the property to which this minor child would have been entitled by the direct devise under the will had already been delivered to him. There can be no question that a deed was made transferring the alleged portion to the

mother of the minor child, but the mother and apparently the court thought that the property had not been actually delivered. The evidence of the mother was to the effect that she wanted a deed delivered to her and seemed to admit that she was in possession. On the other hand, the principal defendant swore that the property had in fact been delivered to her a long time before.

The complainant also alleged as error the failure of the court to permit an amendment at the trial. At some stage of the trial the complainant arose and asked that his brother be made a party complainant. Then also the said brother asked to be made a party complainant. The court refused both requests. The defendant very properly says that the matter of an amendment in the midst of the trial is a matter within the sound discretion of the court, and we find no abuse.

The date of the delivery of the property aforementioned is a little uncertain. Therefore we find that the judgment must be reversed in so far as it orders a delivery of the property, but must be sent back for a determination of the fruits and products, if any, during the time that the property was withheld from the complainant, if it were in fact withheld, and in all other things affirmed.

*Affirmed in part.*

Chief Justice Hernández and Justices Del Toro, Aldrey and Hutchison concurred.